ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAY 31   AM 10: 12

DEPUTY CLERK

# DISTRICT COURT OF THE UNITED STATES

## NORTHERN DISTRICT

**LYDIA BENT AND LAWRENCE M. HILL**
**PO BOX 166886**
**IRVING, TEXAS 75016**
**(214)-404-9849**

### PLAINTIFFS

### VS.

### DEFENDANT 1

**MACKIE WOLFE ZIENTZ & MANN, P.C.**
**14160 NORTH DALLAS PKWY SUITE 900,**
**DALLAS, TEXAS 75254**
**(214)-635-2650**

### DEFENDANT 2
**MORTGAGE ELECTRONIC REGISTRATI**
**SYSTEMS, INC. (MERS)**
**PO BOX 2026**
**FLINT, MICHIGAN 48501-2026**
**888-679-MERS, and**

### DEFENDANT 3

**US BANK NATIONAL ASSOC**
**ATTY, ISAREL SAUCEDO**
**Mackie Wolf Zientz & Mann,P.C.**
**14160 NORTH DALLAS PKWY #900**
**DALLAS, TEXAS 75254**
**(214) 635 2650, and**

### DEFENDANT 4

**BLUE MOUNTAIN HOMES LLC**
**ATTY. C MARK MORRAN**
**1300 W. SAM HOUSTON PKWY #340**
**HOUSTON, TEXAS 77042**
**(281) 504 9021**

$$3\text{-}13CV2038\text{-}D$$

CASE #_____

## COMPLAINT

CERTIFIED MAIL #: ____ ____ ____ ____

**DEFENDANTS**

**Comes now** LYDIA BENT(d.b.a) and LAWRENCE M. HILL(d.b.a) hereinafter referred to as "Plaintiffs," and moves the court for relief as herein requested:

## PARTIES

Plaintiffs in the instant cause is LYDIA BENT(d.b.a) and LAWRENCE M. HILL(d.b.a), hereinafter referred to as "Principal Plaintiffs." Principal Plaintiffs can be contacted at PO BOX 166886, IRVING, TEXAS 75016 and may be reached by phone at 214-404-9846, or by email at Lawrence@LHGREALTY.COM.

Defendants are, MACKIE WOLFE ZIENTZ & MANN, P.C, 14160 NORTH DALLAS PKWY SUITE 900, DALLAS, TEXAS 75254, and can be contacted at (214)-635-2650 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),PO BOX 2026 FLINT, MICHIGAN 48501-2026 and can be reached at 888-679-MERS, and US BANK NATIONAL ASSOCIATION ATTY, ISAREL SAUCEDO, Mackie Wolf Zientz & Mann,P.C. 14160 NORTH DALLAS PKWY #900, DALLAS, TEXAS 75254 and can be reached at (214)-635-2650 and BLUE MOUNTAIN HOMES LLC., ATTY. C MARK MURRAH, 1300 W. SAM HOUSTON PKWY #340,HOUSTON, TEXAS 77042 and can be reached at (281) 504 9021.

## JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to <u>28 U.S.C. § 1331</u>and <u>§ 1332</u> placing the District Court in the position of Jurisdiction over:

      A. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " <u>15 U.S.C. 1692</u>;" questions and claims of violation of Constitutionally protected Fundamental Rights;

B. violations of Plaintiffs's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

violations of Plaintiffs's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

The amount in controversy exceeds $ 75,000.00.

This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367 .

Venue is properly laid in the Distsrict Court of the United States in the Northern Judicial District, pursuant to 28 U.S.C. § 1391(c).

Plaintiffs avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

A. Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241;

B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

## STATEMENT OF FACTS

Plaintiffs states as a fact that Defendant, on or about Tuesday, January 3rd, 2012 caused to be prepared and sent to Plaintiffs, a document noticing Plaintiffs that Defendant was the agent for the holder of the note or the true holder of the note.

Defendant made demand on Plaintiffs for payment of an alleged debt in the amount of $321,647.88. Defendant, by preparing and sending the above referenced communication claimed authority to collect said debt. Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiffs. Defendant claimed authority to exercise the provisions of said lien document for the purposes of collecting the above alleged debt.

Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]

As used in this title -- (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

To Plaintiffs's knowledge, Plaintiffs never entered into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the property. To Plaintiffs's knowledge, Plaintiffs never created a document creating a lien against Plaintiffs's real property to the benefit of Defendant.

Said debt validation letter was sent to Defendant on Monday, May 5th, 2012 a request for validation of the alleged under the provisions of the Fair Debt Collection Practices Act (FDCPA).

> FDCPA Section 809. Validation of debts [15 USC 1692g]
> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Defendant has yet to properly respond to Plaintiffs's debt validation letter, therefore, Defendant is subject to statutory estoppel from further collections attempts as a matter of law.

## FACTUAL ACCUSATION

> "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged."
> (Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)

### *VALIDATION OF DEBT REQUIRED*

Defendant made a presentment to Plaintiffs.

> § 3-501. PRESENTMENT.
> (a) "**Presentment**" means a demand made by or on behalf of a <u>person entitled to enforce</u> an <u>instrument</u> (i) to pay the instrument made to the <u>drawee</u> or a <u>party</u> obliged to pay the instrument or, in the case of a <u>note</u> or accepted <u>draft</u> payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiffs and Defendant and upon request, must prove up said claim.

> § 3-501. PRESENTMENT
> (b)(2) Upon demand of the person to whom <u>presentment</u> is made, the person making presentment must (i) exhibit the <u>instrument</u>, (ii) give reasonable identification and, if

presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiffs's request for validation of the debt.  Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiffs reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

In as much as Defendant's dunning letter failed to provide validation of the alleged debt, Plaintiffs may not, in good faith, respond with payment.  In the event an actual debt existed to which Plaintiffs was liable, Plaintiffs would be subject to dishonor if Plaintiffs made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

§ 3-602. PAYMENT.
(a) Subject to subsection (b), an <u>instrument</u> is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) **to a person entitled to enforce the instrument**. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3-306 by another person.
(b) The obligation of a party to pay the instrument is not discharged under subsection (a) if:
(1) a claim to the instrument under Section 3-306 is enforceable against the party receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or
(2) the person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Plaintiffs, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiffs by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt.  Even if a debt did exist, Plaintiffs would not execute payment if Plaintiffs tendered payment to a person or entity not properly authorized to take payment.

§ 3-603. TENDER OF PAYMENT.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

Plaintiffs have properly stated a claim against Defendant as Plaintiffs alleged who, defendant; what, made presentment to Plaintiffs without establishing authority to make said claim; when, on date of dunning letter referenced above; where, within the jurisdiction and venue of this court.   Plaintiffs herein pleads that defendant intended that Plaintiffs act on the defendant's presentment, that Plaintiffs believed defendant intended to take action if Plaintiffs did not submit to defendant's demands, and Plaintiffs was subjected to a civil rights violation as a proximate result of Defendant's failure to abide by standing law.

### FDCPA

Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a).   The FDCPA protects consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

Defendant, in the instant case, is not a party Plaintiffs knowingly entered into a contract with.   Defendant claims to hold agency or standing as a trustee or assignee of a debt.   The allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage agreement.

An assignee or substitute trustee, it is a debt collector within the meaning of §§ 1692d, 1692e or 1692g4 of the FDCPA fails as a matter of law.   More specifically, the argument that pursuant to the terms of § 1692a(6), assignees or substitute trustees are only liable under §

1692f(6) fails as a matter of law.  Section 1692a(6) states, in relevant part, that for the purpose of section 1692f(6) of this title, the term "debt collector" also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  Based on this language, any argument that assignees or substitute trustees are exempt from liability under all provisions of the FDCPA *except* § 1692f(6) fail as a matter of law.

Plaintiffs alleges that a mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it constitutes an obligation to pay money that arose out a transaction in which the property was primarily for personal, family or household purposes.  Plaintiffs also asserts that, even if Defendant is unquestionably an assignee or substitute trustee, that fact does not preclude it from being held liable as a debt collector.  *Piper*, 396 F.3d at 232 (applying the FDCPA to debts secured by real property); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) (holding that "a foreclosure is a method of collecting a debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") *with Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property and attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

Plaintiffs directs the court to consider the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006). The Plaintiffs in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the Plaintiffs's property. The defendant initiated foreclosure proceedings on the Plaintiffs's property and sent her a notice that provided information regarding the creditor and the amount of the debt owed. *Id.* The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" *Id.* Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to

collect that debt." *Id.* at 376 (citing *Piper*, 396 F.2d at 234; *Romea*, 163 F.3d at 116; *Shapiro*, 823 P.2d at 124). The *Wilson* court went on to explain:

> Section 1692a(6) applies to those whose only role in the debt collection process is the enforcement of a security interest. See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." See Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts."). <u>443 F.3d at 378</u> (emphasis in original).

Even if Defendant herein alleges to be acting as an assignee or substitute trustee to enforce a Deed of Trust Note, nevertheless, in initiating collection proceedings, Defendant undertook the role of debt collector and communicated with the Plaintiffs in a manner regulated by the FDCPA. *See Wilson,* 443 F.3d at 376-78. Adopting a position that entities acting as assignees or substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to protect consumers from unfair collection practices). Accordingly, Plaintiffs has alleged sufficient facts to support the claim that, for the purposes of the actions described in the complaint, the Defendant is attempting to collect a "debt" and Defendant was acting as a "debt collector."

### NO ISSUE OF ACTUAL DEBT BEFORE THE COURT

Plaintiffs has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiffs tender United States money to Defendant in payment of a debt, Plaintiffs properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiffs demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiffs further demands proof of Defendant's agency to represent said principal.

### *AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the Plaintiffs of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

### *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the  [*239]  declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5]  agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the  [**843]  principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove  [*139]  the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349.  Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent.  <u>Sax v. Davis, 81 Iowa 692 (Iowa 1891)</u>

### *CHALLENGE TO STANDING OF ALLEGED PRINCIPAL*

Plaintiffs has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiffs can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiffs cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question. With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts.  (see Landmark v Kessler and others)   The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiffss challenge Defendant's authority, both as to actual authority and as to apparent authority.   Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiffs demands that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority.  Apparent authority doesn't exist, either.

Defendant now has the burden to prove agency. See Schulz, etc., supra. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

Plaintiffs, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiffs by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiffs that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiffs, through the United States mail, fraud and/or negligent demands for payment for which Defendant had no authority to make. Plaintiffs alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligent demands for payment from Plaintiffs in order to facilitate the herein alleged fraud and/or negligence. Plaintiffs alleges and avers that Defendant subjected Plaintiffs to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $1,026,301.01.

Plaintiffs alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiffs alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiffs.

Plaintiffs alleges and avers that Defendant subjected Plaintiffs to severe emotional stress through direct or implied threat that Plaintiffs would lose Plaintiffs's primary place of residence if Plaintiffs failed to pay the extortion demanded by Defendant.

## PLAINTIFFS DEMANDS STRICT VERIFIED PROOF

Plaintiffs herein demands strict verified proof, according to the rules of evidence all of the following:

A. that Plaintiffs entered into a legal and binding contract with Defendant that would establish the alleged debt;

B. that Defendant is the singular and true holder of said debt instrument; Plaintiffs herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiffs or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiffs.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiffs demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiffs herein demands strict verified proof, according to the rules of evidence that:

Plaintiffs entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiffs failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

The alleged document purporting to create a lien against the property was granted by Plaintiffs to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiffs herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiffs herein demands strict verified proof that Plaintiffs granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiffs herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiffs herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiffs herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiffs demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## CAUSES OF ACTION

## *FDCPA – 1ST CAUSE OF ACTION*

Comes now Plaintiffs, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated Wednesday, December 14, 2011 by U.S.P.S. to the Plaintiffs which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiffs was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiffs was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiffs was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiffs. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiffs. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e). Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e. By demanding payment of a debt Plaintiffs did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiffs if

Plaintiffs failed to pay the alleged debt, Plaintiffs acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

## FDCPA – 2ND CAUSE OF ACTION

Defendants "Bill" meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiffs stated to "balance due" and "account paid in full which overshadows the consumer warning on the document. 1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiffs, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S  USDC FOR THE WESTERN DISTRICT OF WISCONSIN.

## NEGLIGENCE – 3RD CAUSE OF ACTION

Defendant, on Friday, May 21st, 2012 caused to be sent to Plaintiffs, through the United States Mail, a letter demanding that Plaintiffs pay United States Money in the amount of n/a. The letter was in the form of a monthly payment. Defendant acted to miss-lead Plaintiffs into believing that Plaintiffs was under obligation to forfeit Plaintiffs's personal property to Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiffs under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiffs demanding payment on a debt. Defendant knew, or should have known that said demand was made without standing or capacity on the part of Defendant. Defendant intended that Plaintiffs accept the representation of Defendant as true. Plaintiffs believed Defendant and was harmed thereby.

Defendant, by falsely demanding payment from Plaintiffs when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which results in the civil tort alleged here under the cause of action of common law fraud and/or negligence or fraud and/or negligence per se.

## STIPULATION SUBJECT TO DISCOVERY

In the interest of judicial economy and of limiting the scope of this litigation, Plaintiffs is prepared to stipulate Defendant's standing and file an amended complaint, without requiring Defendant to prepare an answer to the current complaint, if Defendant provides proof of said standing as demanded above.

## JURY DEMAND

Plaintiffs requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1. For quite title to Property against claims by Defendant;

2. For disgorgement of all amounts wrongfully acquired by Defendant according to proof at trial;

3. For $2000.00 for each violation of the Fair Debt Collection Practices Act as proved up at trial;

4. For three times the amount Defendant intended to defraud and/or negligence Plaintiffs of.  A sum equal to $3,078,903.03

5. For pain and suffering due to extreme mental anguish in an amount to be determined at trial;

6. For pre-judgment and post-judgment interest according to proof at trial;

7. For attorney's fees and costs as provided by statute; and,

8. For such other relief as the Court deems just and proper.

Respectfully submitted,

LYDIA BENT(d.b.a)

LAWRENCE M. HILL(d.b.a)

## VERIFICATION

I, LAWRENCE M. HILL(d.b.a.) do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

**LAWRENCE M. HILL(d.b.a)**
**PO Box 166886**
**Irving, Texas 75016**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

**NOTARY PUBLIC IN AND FOR**
**THE STATE OF TEXAS**

LUISA LEWIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-12-15

## CERTIFICATE OF SERVICE

I hereby, LAWRENCE M. HILL(d.ba.) certify that a true and correct copy of above and foregoing has been delivered to:

**DEFENDANT 1   [CMRRR 7012 1010 0003 2520 8141]**

**MACKIE WOLFE ZIENTZ & MANN, P.C. 14160 NORTH DALLAS PKWY SUITE 900, DALLAS, TEXAS 75254**
**(214)-635-2650**

**DEFENDANT 2  [CMRRR 7012 1010 0003 2520 8196]**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC. (MERS)**
**PO BOX 2026**
**FLINT, MICHIGAN 48501-2026**
**888-679-MERS, and**

**DEFENDANT 3  [7012 1010 0003 2520 7885]**
**US BANK NATIONAL ASSOC**
**ATTY, ISAREL SAUCEDO**
**Mackie Wolf Zientz & Mann,P.C.**
**14160 NORTH DALLAS PKWY #900**
**DALLAS, TEXAS 75254**
**(214) 635 2650, and**

**DEFENDANT 4  [7012 1010 0003 2520 8158]**
**BLUE MOUNTAIN HOMES LLC**
**ATTY. C MARK MORRAN**
**1300 W. SAM HOUSTON PKWY #340**
**HOUSTON, TEXAS 77042**
**(281) 504 9021,**

on this the 2th day of May, 2013, by certified mail (Certified Mail Receipt # ), in accordance with the rules governing same.

**LAWRENCE M. HILL(d.b.a)**
**PO Box 166886**
**Irving, Texas 75016**

# VERIFICATION

I, LYDIA BENT(d.b.a.) do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

X *Lydia Bent*

**LYDIA BENT(d.b.a)**
**PO Box 166886**
**Irving, Texas 75016**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

**NOTARY PUBLIC IN AND FOR**
**THE STATE OF TEXAS**

**[Notary Seal]**



**LUISA LEWIS**
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-12-15

## CERTIFICATE OF SERVICE

I hereby, LYDIA BENT(d.b.a) certify that a true and correct copy of above and foregoing has been delivered to:

**DEFENDANT 1   [CMRRR 7012 1010 0003 2520 8141]**

**MACKIE WOLFE ZIENTZ & MANN, P.C. 14160 NORTH DALLAS PKWY SUITE 900, DALLAS, TEXAS 75254**
**(214)-635-2650**

**DEFENDANT 2  [CMRRR 7012 1010 0003 2520 8196]**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC. (MERS)**
**PO BOX 2026**
**FLINT, MICHIGAN 48501-2026**
**888-679-MERS, and**

**DEFENDANT 3  [7012 1010 0003 2520 7885]**
**US BANK NATIONAL ASSOC**
**ATTY, ISAREL SAUCEDO**
**Mackie Wolf Zientz & Mann,P.C.**
**14160 NORTH DALLAS PKWY #900**
**DALLAS, TEXAS 75254**
**(214) 635 2650, and**

**DEFENDANT 4  [7012 1010 0003 2520 8158]**
**BLUE MOUNTAIN HOMES LLC**
**ATTY. C MARK MORRAN**
**1300 W. SAM HOUSTON PKWY #340**
**HOUSTON, TEXAS 77042**
**(281) 504 9021,**

on this the 30 day of May, 2013, by certified mail (Certified Mail Receipt # _____), in accordance with the rules governing same.

_Lydia Bent_
**LYDIA BENT(d.b.a)**
**PO Box 166886**
**Irving, Texas 75016**

## DISTRICT COURT OF THE UNITED STATES

### NORTHERN DISTRICT

**LYDIA BENT AND LAWRENCE M. HILL**
**PO BOX 166886**
**IRVING, TEXAS 75016**
**(214)-404-9849**

**CASE #_____**

### PLAINTIFFS

### VS.

### DEFENDANT 1

**AFFIDAVIT OF LAWRENCE M. HILL**

**MACKIE WOLFE ZIENTZ & MANN, P.C.**
**14160 NORTH DALLAS PKWY SUITE 900,**
**DALLAS, TEXAS 75254**
**(214)-635-2650**

### DEFENDANT 2
**MORTGAGE ELECTRONIC REGISTRAT|**
**SYSTEMS, INC. (MERS)**
**PO BOX 2026**
**FLINT, MICHIGAN 48501-2026**
**888-679-MERS, and**

### DEFENDANT 3

**US BANK NATIONAL ASSOC**
**ATTY, ISAREL SAUCEDO**
**Mackie Wolf Zientz & Mann,P.C.**
**14160 NORTH DALLAS PKWY #900**
**DALLAS, TEXAS 75254**
**(214) 635 2650, and**

### DEFENDANT 4

**BLUE MOUNTAIN HOMES LLC**
**ATTY. C MARK MORRAN**
**1300 W. SAM HOUSTON PKWY #340**
**HOUSTON, TEXAS 77042**
**(281) 504 9021**

### DEFENDANTS

Comes now LAWRENCE M. HILL(d.b.a) hereinafter referred to as "Plaintiff," and moves the court for relief as herein requested:

## PARTIES

Plaintiffs in the instant cause is LAWRENCE M. HILL(d.b.a), hereinafter referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at PO BOX 166886, IRVING, TEXAS 75016 and may be reached by phone at 214-404-9846, or by email at Lawrence@LHGREALTY.COM.

Defendants are, MACKIE WOLFE ZIENTZ & MANN, P.C, 14160 NORTH DALLAS PKWY SUITE 900, DALLAS, TEXAS 75254, and can be contacted at (214)-635-2650 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),PO BOX 2026 FLINT, MICHIGAN 48501-2026 and can be reached at 888-679-MERS, and US BANK NATIONAL ASSOCIATION ATTY, ISAREL SAUCEDO, Mackie Wolf Zientz & Mann,P.C. 14160 NORTH DALLAS PKWY #900, DALLAS, TEXAS 75254 and can be reached at (214)-635-2650 and BLUE MOUNTAIN HOMES LLC., ATTY. C MARK MURRAH, 1300 W. SAM HOUSTON PKWY #340,HOUSTON, TEXAS 77042 and can be reached at (281) 504 9021.

Comes now LAWRENCE M. HILL, the Affiant, and does solemnly affirm that the statements herein are true and correct in substance and in fact, to wit:

1. I am competent and qualified to testify as to the facts herein and that I have personal knowledge of each.

2. I never received notification of the purported sale of my property before the sale was actually undertaken by the defendant, U.S. BANK N.A.

3. I was never served any notice of default or other notification that the property was being foreclosed upon by any party.

4.   The first instance I became aware of the foreclosure was when Constable appeared at my home on the date of February 13, 2013 and provided the Occupants with a notice of defendant's suit to evict.

5.   U.S. BANK N.A. was not empowered to engage in the foreclosure as of July 12th, 2012 when it was removed as trustee and replaced by MACKIE WOLF ZIENTZ & MANN, P.C..

6.   I am an Interested Party through Warranty Deed filed in the Public Records of Dallas County, Texas

STATE OF TEXAS          )
                          )     ss

COUNTY OF DALLAS      )

_____

Signature of Affiant

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of May, 2013.

Subscribed and sworn to before me a notary public this 30 day of May, 2013



[NOTARY STAMP HERE]

_____

Signature of Notary

## Certificate of Acknowledgement

State of Texas
County of Dallas

Before me, Luisa Lewis , on this day personally appeared LAWRENCE M. HILL, known to me personally. LAWRENCE M. HILL has acknowledged to me the she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 30 day of May, 2013.

[NOTARY SEAL HERE]

_____
Notary Public in and for the State of Texas

LUISA LEWIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-12-15

## DISTRICT COURT OF THE UNITED STATES

## NORTHERN DISTRICT

**LYDIA BENT AND LAWRENCE M. HILL**
**PO BOX 166886**
**IRVING, TEXAS 75016**
**(214)-404-9849**

**CASE #_____**

**PLAINTIFFS**

**VS.**

**DEFENDANT 1**

**AFFIDAVIT OF LYDIA BENT**

**MACKIE WOLFE ZIENTZ & MANN, P.C.**
**14160 NORTH DALLAS PKWY SUITE 900,**
**DALLAS, TEXAS 75254**
**(214)-635-2650**

**DEFENDANT 2**
**MORTGAGE ELECTRONIC REGISTRAT**
**SYSTEMS, INC. (MERS)**
**PO BOX 2026**
**FLINT, MICHIGAN 48501-2026**
**888-679-MERS, and**

**DEFENDANT 3**

**US BANK NATIONAL ASSOC**
**ATTY, ISAREL SAUCEDO**
**Mackie Wolf Zientz & Mann,P.C.**
**14160 NORTH DALLAS PKWY #900**
**DALLAS, TEXAS 75254**
**(214) 635 2650, and**

**DEFENDANT 4**

**BLUE MOUNTAIN HOMES LLC**
**ATTY. C MARK MORRAN**
**1300 W. SAM HOUSTON PKWY #340**
**HOUSTON, TEXAS 77042**
**(281) 504 9021**

**DEFENDANTS**

Comes now LYDIA BENT(d.b.a) hereinafter referred to as "Plaintiff," and moves the court for relief as herein requested:

### PARTIES

Plaintiffs in the instant cause is LYDIA BENT(d.b.a), hereinafter referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at PO BOX 166886, IRVING, TEXAS 75016 and may be reached by phone at 214-404-9846, or by email at Lawrence@LHGREALTY.COM.

Defendants are, MACKIE WOLFE ZIENTZ & MANN, P.C, 14160 NORTH DALLAS PKWY SUITE 900, DALLAS, TEXAS 75254, and can be contacted at (214)-635-2650 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),PO BOX 2026 FLINT, MICHIGAN 48501-2026 and can be reached at 888-679-MERS, and US BANK NATIONAL ASSOCIATION ATTY, ISAREL SAUCEDO, Mackie Wolf Zientz & Mann,P.C. 14160 NORTH DALLAS PKWY #900, DALLAS, TEXAS 75254 and can be reached at (214)-635-2650 and BLUE MOUNTAIN HOMES LLC., ATTY. C MARK MURRAH, 1300 W. SAM HOUSTON PKWY #340,HOUSTON, TEXAS 77042 and can be reached at (281) 504 9021.

Comes now LYDIA BENT, the Affiant, and does solemnly affirm that the statements herein are true and correct in substance and in fact, to wit:

1. I am competent and qualified to testify as to the facts herein and that I have personal knowledge of each.

2. I never received notification of the purported sale of my property before the sale was actually undertaken by the defendant, U.S. BANK N.A.

3. I never received any notice of default or other notification that the property was being foreclosed upon by any party.

4.   The first instance I became aware of the foreclosure was when Constable appeared at my home on the date of February 13, 2013 and provided me with a notice of defendant's suit to evict.

5.   U.S. BANK N.A. was not empowered to engage in the foreclosure as of July 12th, 2012 when it was removed as trustee and replaced by MACKIE WOLF ZIENTZ & MANN, P.C..

6.   This case is based from a Deed of Trust executed by LYDIA BENT (Borrower/Trustor/) under record number MAP 2004209, INSTRUMENT 20080346019 PAGE 229 and recorded December 15, 2005 and filed in Dallas County Recorder's Office.

7.   Uniform Covenants, were to be agreed upon by both Borrower and Lender and signed in agreement to them.

8.   Only the Borrower/Trustor agreed by signature to these covenants based in the Deed of Trust listed above. Therefore, leaving the Lender in this matter without agreement or signature by even a representative to being a party of interest in this Deed of Trust or present case at hand.

9.   At no time did U.S. BANK N.A agree by signature to any terms and conditions of the said Deed of Trust, and therefore gave up any rights to conditions held within. U.S BANK N.A. has no standing in this case or proceeding and none can be brought forward.

10.   According to the Original Deed of Trust, Section 15, pertaining to "Notices" it states as follows: "All Notices given by Borrower or Lender in connection with Security Instrument /Deed of Trust must be in writing. Any notices in connection with Security Instrument/Deed of Trust shall not be deemed to have been given to Lender until actually received by Lender."

11.   General Warranty Deed was filed Purchased and conveyed to HOME LOAN CORPORATION DBA EXPANDED MORTGAGE CREDIT- Filed for Record under

INSTRUMENT 200503628209, MAP BOOK 2004209, PAGE 229, DATED DECEMBER 15, 2005 at the Dallas County, Texas recording office

26.   A Substitution of Trustee was filed on the date of AUGUST 15, 2012, recorded under Document No. 201200242671, MAP BOOK 2004032 AND 2004209 PAGES 221,229

STATE OF TEXAS          )
                        )          ss
COUNTY OF DALLAS        )

X~~~~~~~~~~~~~~~~~~~~~~~~
Signature of Affiant

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of May, 2013.

Subscribed and sworn to before me a notary public this 30 day of May, 2013

_____
Signature of Notary

[NOTARY STAMP HERE]



**LUISA LEWIS**
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-12-15

**Certificate of Acknowledgement**

State of Texas
County of Dallas

Before me, _____, on this day personally appeared LYDIA BENT, known to me personally. LYDIA BENT has acknowledged to me the she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of May, 2013.

[NOTARY SEAL HERE]

_____
Notary Public in and for the State of Texas

LUISA LEWIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-12-15

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

3-13CV2038 - D

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LYDIA BENT AND LAWRENCE M HILL

**DEFENDANTS**
MACKIE WOLFE ZIENTZ & MANN. P.C FALLS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

RECEIVED
MAY 3 1 2013

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☒ 220 Foreclosure | ☐ 441 Voting   Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | Employment   ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | |
| | Other   ☐ 560 Civil Detainee - | Alien Detainee | | |
| | ☐ 448 Education   Conditions of | (Prisoner Petition) | | |
| | Confinement | ☐ 465 Other Immigration | | |
| | | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.CP., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to  suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the Unite d States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:      U.S. Civil Statute: 47 USC 553
                                   Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.