IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYDIA BENT et al., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:13-CV-2038-D-BH |
| | ) | |
| MACKIE WOLFE ZIENTZ & | ) | |
| MANN, P.C., et al., | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* action has been referred for judicial screening.  Based on the relevant filings and applicable law, the plaintiffs' requests for injunctive relief should be **DENIED**, and their claims under the Federal Debt Collection Practices Act (FDCPA) should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).  The Court should exercise supplemental jurisdiction over their state law claims, and these claims should also be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2).

I.  BACKGROUND

On May 31, 2013, Lydia Bent and Lawrence M. Hill (Plaintiffs) filed this *pro se* action against Mackie, Wolfe, Zientz & Mann, P.C. (Mackie Wolfe), Mortgage Electronic Registration Systems, Inc. (MERS), U.S. Bank National Association (U.S. Bank), and Blue Mountain Homes, LLC (Blue Moutain)  based on the foreclosure of their home (the Property) and their attempted eviction. (*See* Orig. Comp. (doc. 3).) The original complaint expressly asserts claims for negligence and violations of the FDCPA. (*Id.* at 14–15.)  The filings also appear to assert claims for negligence *per se*, negligent misrepresentation, suit to quiet title, and wrongful foreclosure. (*See* docs. 3 at 15; 6 at 2.)  Plaintiffs requested a temporary restraining order (TRO) and a preliminary injunction to

restrain the defendants from evicting them from the Property.  (*See* docs. 6 & 7.)

Plaintiffs filed an amended complaint on June 24, 2013, asserting claims against U.S. Bank (Defendant) only.  (*See* Am. Comp. (doc. 11).)[1]  It alleges that on January 3, 2012, Defendant sent Plaintiffs a collection notice in which it represented that it had the "authority to exercise foreclosure on [a] lien against the Property ... [for] the benefit of Defendant," and that the representation was false because they had no contract with Defendant and never executed a lien in its favor.  (doc. 11 at 3.)[2]  It claims "Defendant undertook the role of debt collector" "by initiating [the] collection proceedings."  (*Id.* at 7.)  On May 5, 2012, Plaintiffs allegedly sent Defendant a "debt validation letter" pursuant to the FDCPA requesting that Defendant verify the debt, but it never responded.  (*Id*. at 3–4.)  Plaintiffs question Defendant's right to collect on the debt, claiming that they "may not, in good faith, respond with payment" until they confirm Defendant's authority.  (*Id.* at 4.)  Plaintiffs also claim Defendant engaged in a negligent scheme to "collect monies" from Plaintiffs that it was not authorized to collect and that they did not owe Defendant.  (*Id.* at 4, 11–12, 14–15.)  As a result, they were prevented from "achieving quiet title" to the Property.  (*Id.* at 12.)  They also claim to have suffered "severe emotional distress" based on the threat of foreclosure if they did not pay the money extorted by Defendant.  (*Id.*)

## II.  PRELIMINARY SCREENING

Because Plaintiffs have been granted permission to proceed *in forma pauperis* (*see* docs. 8

---

[1]  Plaintiff were sent a Magistrate Judge's Questionnaire (MJQ) on June 3, 2013, to obtain more information about their claims.  (*See* doc. 10.)  Plaintiffs did not respond to the MJQ as ordered, and instead filed their amended complaint against U.S. Bank.  (*See* doc. 11.)  Because Plaintiffs did not assert any claims against the other defendants in the amended complaint, only the claims against Defendant remain for resolution.

[2]  Defendant's notice allegedly reflected a balance due of $321,647.88.  (doc. 11 at 3.)  This amount appears to be related to a mortgage loan Plaintiff's obtained to finance the Property, their "primary place of residence."  (*See id.* at 6–7, 12.)

& 13), their complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  This statute

provides for *sua sponte* dismissal if the complaint is "frivolous or malicious", or if it "fails to state

a claim upon which relief may be granted."  *See* 28 U.S.C. § 1915(e)(2).  A claim is frivolous if it

"lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory"

and an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327–28.

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).[3]

## III.  FEDERAL CLAIMS

Plaintiffs assert claims against Defendant under §§ 1692e, 1692f, and 1692g of the FDCPA.

(*See* doc. 11 at 14.)

The FDCPA seeks "to protect consumers from a host of unfair, harassing, and deceptive debt

collection practices without imposing unnecessary restrictions on ethical debt collectors."  *Peter v.

GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002) (citation omitted); *see also* 15 U.S.C.

§ 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010).

For instance, the FDCPA prohibits a debt collector from making "false, deceptive, and misleading

misrepresentations in connection with debt collection" and from "us[ing] unfair or unconscionable

---

[3] The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as the one employed under Fed. R. Civ. P. 12(b)(6).  *See Fierro v. Knight Transp.*, No. EP-12-CV-218-DCG, 2012 WL 4321304, at *7 (W.D. Tex. Sept. 18, 2011) (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam)) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *Holt v. Imam*, No. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (holding that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted").

means to collect or attempt to collect any debt." 15 U.S.C. §§ 1962e and 1962f. The Act also requires a debt collector, within five days after its "initial communication with a consumer in connection with the collection of any debt," to provide the consumer with certain disclosures, including her right to dispute or request validation of the debt. *See id.* § 1692g(a).

For purposes of the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). There are two categories of debt collectors: those who collect debts as the "principal purpose" of their business, and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (per curiam).

Here, Plaintiffs claim Defendant "undertook the role of debt collector" by "initiating collection proceedings." (doc. 3 at 8.) They contend Defendant violated § 1692e(2), (5) by attempting to collect a debt "Plaintiffs did not owe" and without having the authority to do so. (*Id.* at 12, 14.) Defendant allegedly sent them "a dunning letter" making "threats of dire consequences" if they "failed to pay the alleged debt," thereby violating § 1692f. (*Id.* at 14.) Lastly, Defendant purportedly failed to respond to Plaintiffs' request for validation of the debt and sent them a collections notice that overshadowed their rights to dispute or verify the debt in contravention of §1692g(a)–(b). (*Id.* at 4, 14.) Plaintiffs' assertion that Defendant undertook the role of "debt

collector" is a legal conclusion that courts are not bound to accept as true. *See Iqbal*, 556 U.S. at 678. Plaintiffs fail to assert facts sufficient to show that Defendant was a debt collector because it was either engaged "in [a] business the principal purpose of which [was] the collection of ... debts" or it "regularly collect[ed] or attempt[ed] to collect ... debts owed or due or asserted to be owed or *due another*." *See* 15 U.S.C. § 1692a(6) (emphasis added). This failure is fatal to their FDCPA claims. *See Iqbal*, 556 U.S. at 678 (holding that a plaintiff must plead sufficient factual matter to state a claim); *Guidry*, 954 F.2d at 281 (well-pleaded facts are needed to avoid dismissal); *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *6 (N.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (holding that the plaintiffs' recitation of the statutory definition of "debt collector" without any facts in support was insufficient to plausibly allege that the defendants were debt collectors under the FDCPA).

Moreover, courts in this Circuit have held that "[t]he term 'debt collector' does not include lenders[,] ... the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)); *see also* 15 U.S.C. § 1692a(6)(F). The attachments to the amended complaint list Defendant as a national association acting as trustee for a residential mortgage trust. (*See* doc. 11 at 1–2.) The allegations in the complaint fail to raise a reasonable inference that Defendant is a debt collector as defined by the FDCPA for this additional reason. Without more, Plaintiffs' claims under the FDCPA fail under the applicable pleading standards and are subject to dismissal.

## IV.  STATE LAW CLAIMS

The amended complaint expressly asserts a claim for negligence.  (doc. 11 at 14–15.)  It may also be liberally construed as asserting claims for negligence *per se*, negligent misrepresentation, and suit to quiet title.  (*See* doc. 11 at 12, 15.)  In their request for a TRO, Plaintiffs appear to assert a wrongful foreclosure claim.  (*See* doc. 6 at 2.)

### A.      Supplemental Jurisdiction

Section 1367(a) provides that federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In essence, § 1367(a) grants federal courts the "power to hear a state law claim ... if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact."  *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007).

When the plaintiff's federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims.  *Nagy v. George*, No. 3:07-CV-368-K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *see also LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).[4]  Nonetheless, this rule is "neither mandatory nor absolute."  *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted).  Rather, district courts are given "wide

---

[4]  Section 1367(c) allows district courts to decline to exercise supplemental jurisdiction over a state claim if:
   (1) the claim raises a novel or complex issue of state law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) the district court has dismissed all claims over which it has original jurisdiction, or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
  28 U.S.C. § 1367(c).

discretion" in deciding whether to exercise jurisdiction under such circumstances. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, Plaintiffs' state law claims arise from the very same "common nucleus of operative facts" as their federal claims, namely, Defendant's alleged attempt to collect on the debt, its foreclosure of the Property, and its attempt to evict Plaintiffs from the Property. (*See* docs. 6, 7, 11.) Requiring Plaintiffs to litigate these claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. In addition, this case involves *pro se* litigants who have filed motions for, and have been granted, leave to proceed *in forma pauperis*. (*See* docs. 8 & 13.) Given Plaintiffs' failure to state a claim for relief against Defendant in federal court, or otherwise show that a genuine controversy exists between the parties, allowing them to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over Plaintiffs' state law claims, the Court should exercise supplemental jurisdiction and review the claims on the merits.

**B.     Ordinary Negligence**

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty;

(2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). The defendant's breach of the duty is the "proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [breach]." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at \*13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774–75 (Tex. 2010).

Here, Plaintiffs claim Defendant committed negligence by "demanding payment on a debt" even though "Defendant knew, or should have known" it lacked authority to do so. (doc. 11 at 14–15.) Defendant's conduct allegedly harmed them and "result[ed] in [a] civil tort." (*Id.* at 15.) Plaintiffs' claim that Defendant lacked authority to foreclose on the Property or collect on the debt is factually unsupported. Even if Defendant lacked such authority, the allegations still fail to raise a reasonable inference that Defendant owed Plaintiffs a duty of care and breached that duty. Plaintiffs also fail to assert any facts showing they were damaged by Defendant's alleged negligence, and they contend they will not "respond with payment" until they confirm Defendant's authority to collect on their debt. (*Id.* at 4.) Because Plaintiffs' negligence claim is factually unsupported, the claim is subject to dismissal for failure to state a claim.

## C. Negligence *Per Se*

"Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law." *Allison*, 2012 WL 4633177, at \*13 (citation omitted); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). "In such a case, ... [t]he statute itself" provides the standard of care by "stat[ing] what a reasonable, prudent person would have done." *Jackson v.*

*Tae Jin Kim*, No. 2:02-CV-200, 2004 WL 6040969, at *3 (E.D. Tex. Sept. 27, 2004) (citation

omitted).  Unless an excuse is raised, "the only inquiry ... is whether the defendant violated the

statute ... and, if so, whether the violation was a proximate cause of the [plaintiff's injury]."  *Id.*

Notably, courts are "not required to find negligence *per se* from a violation of a federal statute,

particularly where the violation would not give rise to liability under state common law."  *Hackett*

*v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002) (citing *Johnson v. Sawyer*, 47

F.3d 716, 728–29 (5th Cir. 1995) (en banc)).  Because "[d]uties set forth in [the] *federal law* do not

... automatically create duties cognizable under *local tort law*," "[t]he pertinent question is whether

the duties set forth in the federal law are analogous to those set forth in local tort law."  *Johnson*, 47

F.3d at 729 (citing with approval *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1158 (D.C.

Cir. 1985)) (emphasis in *Johnson*).

Here, Plaintiffs essentially contend that Defendant committed negligence *per se* "by

attempting to collect a debt" even though it "failed to [provide] the *statutorily* required validation

of [the] debt." (doc. 11 at 5) (emphasis added).  As discussed, the allegations fail to raise a plausible

claim that Defendant was a debt collector and was therefore required to validate the debt under

§ 1692g(b).  This failure is fatal to any negligence *per se* claim.  Moreover, a violation of § 1692g(b)

by Defendant would not automatically entitle Plaintiffs to relief since they have not identified a

specific "duty" to validate a debt under Texas law that is "analogous" to § 1692g(b) of the FDCPA.

*See Johnson*, 47 F.3d at 729.  Nor have Plaintiffs provided any reasons for applying the negligence

*per se* doctrine to violations of the FDCPA.  *See Jackson*, 2004 WL 6040969, at *3  ("declin[ing]

to create a new cause of action" for negligence *per se* based  on violations of 23 C.F.R. § 625 et seq.

in part because the plaintiff did not provide any grounds for doing so); *Hackett*, 246 F. Supp. 2d at

594 (reaching the same conclusion with respect to the Federal Drug and Cosmetic Act and various

Food and Drug Administration regulations).  Accordingly, to the extent Plaintiffs assert a negligence

*per se* claim, the claim fails and should also be dismissed.

## D.      Negligent Misrepresentation

A claim for negligent misrepresentation under Texas law consists of four elements: (1) the

defendant made a representation in the course of his business, or in a transaction in which he has a

pecuniary interest; (2) the defendant supplied false information for the guidance of others in their

business; (3) the defendant did not exercise reasonable care or competence in obtaining or

communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying

on the representation.  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 762 (N.D.

Tex. 2012) (citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005)).

Plaintiffs allege that "Defendant made a false representation [by] demanding payment on a

debt" while "Defendant knew or should have known that said demand was made without standing

or capacity on part of Defendant."  (doc. 11 at 15.)  "Plaintiffs believed Defendant and [were]

harmed thereby."  (*Id.*)  As noted, Plaintiffs' assertion that Defendant lacked authority to collect on

the debt is conclusory.  Moreover, Plaintiffs do not allege that they justifiably relied on any

misrepresentations by part of Defendant, or that they suffered any pecuniary loss as a result of

Defendant's actions.  Instead, Plaintiffs assert they will not "respond with payment" until they

confirm Defendant's authority to collect it.  (*See id.* at 4.)  To the extent Plaintiffs assert a claim for

negligent misrepresentation, the claim fails and should also be dismissed for failure to state a claim.

*See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734–35 (N.D. Tex. 2011)

(dismissing negligent misrepresentation claim for failure to state a claim; finding that the plaintiffs'

allegations that the defendant "made false representations" were vague and conclusory and they

"failed to plead sufficient facts to show that they relied on these representations to their detriment

... [and] [did] not make allegations of [suffering] pecuniary loss").

### E.        Suit to Quiet Title

According to the complaint, Defendant's conduct prevented Plaintiffs from "achieving quiet

title at [the] completion of the contract." (doc. 11 at 12.)  In the "prayer" section, Plaintiffs "pray[]

for judgment against Defendant ... [f]or quiet title to the Property." (*Id.* at 15.)  These allegations

may be liberally construed as asserting a quiet title claim.

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the

invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32,

42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  This suit "enable[s] the holder of the feeblest

equity to remove from his way to legal title any unlawful hindrance having the appearance of better

right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation

and internal quotation marks omitted).  To prevail, a plaintiff must show that: (1) he has an interest

in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the

claim, although facially valid, is invalid or unenforceable. *Hurd*, 880 F. Supp. 2d at 766 (citing *U.S.

Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston

[1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)).  The plaintiff "must allege right, title, or ownership

in himself or herself with sufficient certainty to enable the court to see he or she has a right of

ownership that will warrant judicial interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26

S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).  Notably, the plaintiff must prove and

recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v.*

*Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Although Plaintiffs refer to a quiet title claim by name, they fail to allege sufficient facts to state a plausible claim for relief.  The only allegations in the complaint that could relate to a quiet title cause of action are Plaintiffs' contentions that they are the "purchaser[s]" of the Property and that the Property is their "primary place of residence."  (*See* doc. 11 at 12.)  Nevertheless, because these allegations fail to raise a reasonable inference that Plaintiffs have superior title to the Property vis-à-vis Defendant, or that Defendant has asserted a claim against the Property that is invalid or unenforceable, they fail to state a plausible claim for relief.  *See Fricks*, 45 S.W.3d at 327. Accordingly, any quiet title claim should also be dismissed.

**F.      Wrongful Foreclosure**

Plaintiffs' contention in their request for a TRO that Defendant "wrongfully foreclosed" on the Property may be liberally construed as asserting a wrongful foreclosure claim. (*See* doc. 6 at 2.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings.  *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)).  In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property."  *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011).  The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  *Hurd*, 880 F. Supp. 2d at 766 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).  A procedural defect may occur when the foreclosing party either "fails to comply

with statutoryor contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers*, 767 F. Supp. 2d at 729.

Here, Plaintiffs allege only that Defendant "wrongfully foreclosed" on the Property. (doc. 6 at 2.) This allegation alone could not plausibly entitle them to relief because they do not allege any facts showing the Property was sold for a grossly inadequate price, or a causal connection between a procedural defect and any grossly inadequate selling price. *See Biggers*, 767 F. Supp. 2d at 729. To the extent Plaintiffs assert a wrongful foreclosure claim, the claim fails and should be dismissed. *See Byrd v. Chase Home Fin. LLC*, No. 4:11-CV-022-A, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where the plaintiffs alleged a procedural defect but they failed to assert any facts showing a grossly inadequate selling price resulted from the defect); *see also Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege ... a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.")[5]

## V.  INJUNCTIVE RELIEF

Plaintiffs request injunctive relief to restrain Defendant from evicting them from the

---

[5] Plaintiffs remained in possession of the Property as of the date they filed suit and requested injunctive relief to prevent Defendant from taking possession of the Property. (*See* docs. 6 & 7.) Any wrongful foreclosure claim fails for this additional reason. *See Everhart v. CitiMortgage, Inc.*, No. CIV.A. H-12-1338, 2013 WL 264436, at *7 (S.D. Tex. Jan. 22, 2013) (dismissing wrongful foreclosure claim where the plaintiff remained in possession of the property; explaining that "recovery under a wrongful foreclosure claim is based on the mortgagor's [lost] possession") (citing *Petersen v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)).

Property.  (*See* docs. 6 & 7.)

"To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Given Plaintiffs' failure to state a viable claim for relief, they have failed to establish any likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Plaintiffs' request for injunctive relief should therefore be denied.

## V.  RECOMMENDATION

Plaintiffs' *Request for Restraining Order* and *Motion for Preliminary Injunction,* filed May 31, 2013 (docs. 6, 7) should be **DENIED**, and their claims against Defendant U.S. Bank under the FDCPA should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).  The Court should exercise supplemental jurisdiction over Plaintiffs' state law claims, and these claims should also be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2).[6]

**SO RECOMMENDED** this 7th day of August, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]  Notwithstanding their failure to plead sufficient facts, courts in this Circuit typically allow *pro se* plaintiffs an opportunity to amend their complaints in response to a recommended dismissal or when the action is to be dismissed pursuant to a court order. *See Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004).  Nevertheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his best case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  Here, Plaintiffs were issued a MJQ to help them elaborate on their claims.  (*See* doc. 10.)  Plaintiffs did not respond to the MJQ despite receiving specific instructions to do so.  (*See id.*)  Although they amended their original complaint, they failed to state a viable claim against Defendant in their amended complaint. (*See* docs. 3 & 11. )  Because it appears that they have pled their best case to the Court, no opportunity to amend is warranted as to any of their claims against Defendant, and dismissal with prejudice is appropriate.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE